**FIRSTSOUTH, F.A., Appellee,**

**v.**

**AQUA CONSTRUCTION, INC., a Domestic Corporation, and Loyd Harrison.**

**Appeal of Robert P. HOFFMAN.**

**No. 88–1285.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 30, 1988.

Decided Oct. 6, 1988.

Robert S. Hargraves, Hot Springs, Ark., for appellant.

James W. Cherry, Jr., Little Rock, Ark., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Robert Hoffman appeals from the district court[1] order granting the motion for summary judgment brought by the Federal Savings and Loan Insurance Corporation (FSLIC), as receiver for Firstsouth, F.A., and holding Hoffman liable as an accommodation guarantor on a promissory note. We affirm.

On August 14, 1984, Aqua Construction, Inc., executed and delivered to Firstsouth, F.A., a promissory note in the principal sum of $50,000.00, bearing interest at the annual rate of fourteen percent. Hoffman signed a form guaranty which on its face reflected that Hoffman unconditionally guaranteed the payment of the promissory note. The owner of Aqua Construction, Loyd Harrison, also guaranteed the note.

Aqua Construction defaulted on the note, and suit was filed against it and the two

---

1. The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas.

guarantors, Harrison and Hoffman. On December 4, 1986, the Federal Home Loan Bank Board appointed FSLIC as receiver for Firstsouth. Pursuant to federal law, FSLIC assumed Firstsouth's right, title and interest in all assets and became a party to the action on the note and guaranties. In January 1987 FSLIC removed this action to federal court. Hoffman asserted the defense that he had guaranteed the note with the oral understanding that the proceeds of the loan would be held in a passbook account with Firstsouth but could be withdrawn by Aqua Construction only with Hoffman's consent.

FSLIC moved for summary judgment, arguing that (1) there was no dispute that the note and guaranties had been duly executed, and the note was due and had not been paid; and (2) the defendants were barred by *D'Oench, Duhme & Cox v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), from asserting any defenses based upon oral side agreements with Firstsouth. Hoffman opposed the motion, asserting that state law applied, that Firstsouth violated the oral agreement between them, which was a condition precedent to his liability, by withdrawing money from the account without his consent, and that he was therefore not liable on the note.

The district court granted FSLIC's motion for summary judgment in the amount of $40,789.05. In reaching this conclusion, the court determined that federal common law applied to this case under the rule announced in *D'Oench, Duhme.* Although the district court found no cases involving the rights of an accommodation party under federal common law, it noted that the law was evolving toward the proposition that a FSLIC receiver enjoys the status of a holder in due course. Even without such status, however, the court concluded that federal common law would adopt by analogy the protection afforded the Federal Deposit Insurance Corporation (FDIC) by 12 U.S.C. § 1823(e). That statute provides that oral agreements like that involved in the present case are no defense unless the defendant can prove certain facts, not present here, that would give the receiver notice of the agreement.[2] This appeal by Hoffman followed.

■ If state law applies to the present case, FSLIC would not qualify as a holder in due course because the note was not transferred to it in the ordinary course of business. *See* Ark.Stat.Ann. § 85–3–302(3)(c). FSLIC argues, however, and this court agrees, that federal common law applies to this case because it arises under the laws of the United States. *See* 12 U.S.C. § 1730(k)(1)(B) ("any civil action, suit, or proceeding to which the [FSLIC] shall be a party shall be deemed to arise under the laws of the United States").

In *D'Oench, Duhme,* the Supreme Court held that the liability of the maker of a note acquired by FDIC "involves decision of a federal, not a state, question." 315 U.S. at 456, 62 S.Ct. at 679. The Supreme Court then enunciated the rule that under federal common law parties are estopped from asserting oral side agreements as defenses against the FDIC as a federal receiver of an insolvent financial institution. A long line of cases have applied *D'Oench, Duhme* in holding that the determination of a party's liability for violation of federal banking regulations is governed by federal law. *See, e.g., Taylor Trust v. Security Trust Fed. Sav. & Loan,* 844 F.2d 337, 341–42 (6th Cir.1988); *North Miss. Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1100–11 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768

**2.** 12 U.S.C. § 1823(e), which essentially codifies the *D'Oench, Duhme* doctrine, provides in pertinent part:

No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, * * * and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

(1986); *FSLIC v. Kearney Trust Co.*, 151 F.2d 720, 724–25 (8th Cir.1945).

This court in *Kearney Trust Co.*, relying on *D'Oench, Duhme*, held that FSLIC's claim against the defendant for money had and received based on fifteen checks which were drawn payable to the order of the defendant bank was governed by federal law. *Kearney Trust* reiterated the policy behind *D'Oench, Duhme*, stating that if federal law were not controlling, "the consequences resulting from violations of the statutory prohibitions enacted by Congress for the protection of these national institutions would be subject to conflicting local laws unrelated to the uniform purpose of the Acts." *Kearney Trust*, 151 F.2d at 725. Those same considerations are equally applicable in the present case, and we therefore conclude that the rights of the parties are controlled by federal common law.

■ The only substantial question remaining, as noted by the district court, is what the federal common law is in this case. The rights of an accommodation party like Hoffman under federal common law is a question of first impression in this circuit and, as far as we can ascertain, has not been explicitly addressed by other circuits. Other circuits have, however, applied the *D'Oench, Duhme* doctrine to guarantors. *See, e.g., FDIC v. P.L.M. Int'l, Inc.*, 834 F.2d 248, 252–55 (1st Cir. 1987) (rejecting defendants' argument that letter of guaranty is a nonnegotiable instrument and FDIC therefore did not qualify as a holder in due course; FDIC held to be a holder in due course and defendants not allowed to interpose personal defenses); *FDIC v. Venture Contractors*, 825 F.2d 143, 150 (7th Cir.1987) (guarantor barred from asserting defenses based upon an alleged oral side agreement); *Public Loan Co. v. FDIC*, 803 F.2d 82, 84–85 (3d Cir. 1986) (guarantors barred from asserting defense of oral accord and satisfaction and failure of consideration); *FDIC v. Castle*, 781 F.2d 1101, 1108 (5th Cir.1986) ("[w]e conclude that section 1823(e) clearly precludes the defendant-guarantors' assertion that the guaranty forms were not complet-

ed according to the defendants' oral agreement"); *FDIC v. Wood*, 758 F.2d 156, 159 (6th Cir.1985), *cert. denied*, 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985) (FDIC held entitled to enforce guaranty as a holder in due course under *D'Oench, Duhme* and federal common law); *FDIC v. Waldron*, 630 F.2d 239, 241 (4th Cir.1980) (12 U.S.C. § 1823(e) barred guarantors' attempt to prove an oral agreement modifying the original obligation).

It is therefore apparent that the federal law is evolving toward the view that FSLIC as receiver enjoys the status of a holder in due course regardless of the manner in which it acquires notes and comparable instruments. If FSLIC retains such status, then the alleged oral agreement between Hoffman and Firstsouth is not a defense. *See* J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code*, § 14–9, at 572–73 (2d ed. 1980).

Even without holder in due course status, however, the district court concluded Firstsouth would be entitled to judgment as it reasoned that federal common law would by analogy adopt for FSLIC the protection afforded FDIC under 12 U.S.C. § 1823(e). A review of the applicable case law leads us to agree with the district court that 12 U.S.C. § 1823(e) would be used by analogy to protect FSLIC in the present case. *See, e.g., Taylor Trust*, 844 F.2d at 341–42; *FSLIC v. Hsi*, 657 F.Supp. 1333, 1337–38 (E.D.La.1986) (applying *D'Oench, Duhme* doctrine to bar oral defenses of fraud in the inducement and misrepresentation which were raised by the notes' maker in response to a suit brought by FSLIC as receiver to enforce those notes).

In reaching this result, we acknowledge this court's recent decision in *FSLIC v. Capozzi*, 855 F.2d 1319, 1326 (8th Cir.1988), which concluded that state law, as opposed to federal common law, governed a suit brought by FSLIC as conservator for a state-chartered savings and loan association in which FSLIC sought legal and equitable relief for breaches of contract and fiduciary duties by the bank's former directors. *Capozzi*, however, differs from the present case in that the claim there was

breach of fiduciary duty, as opposed to the liability of an accommodation maker. Further, *Capozzi* did not implicate the *D'Oench, Duhme* doctrine as this case does.[3]

Accordingly, we affirm the well-reasoned opinion of the district court.

---

**3.** Similar to the present case, *D'Oench, Duhme* involved a party who was attempting to escape liability on a facially valid note by asserting an oral side agreement as a defense.