In re John G. VALENTINE, Linda N. Valentine, Debtors.

**Bankruptcy No. SA 87–05622 JR.**

United States Bankruptcy Court, C.D. California.

Nov. 17, 1988.

---

Karen M. Andrews of Thelen, Marrin, Johnson & Bridges, Newport Beach, Cal., P. John Owen of Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., Brandon A. Burnett, Office of General Counsel, Federal Home Loan Bank Bd., Washington, D.C., for FSLIC.

Frederic Dorwart of Holliman, Langholz, Runnels & Dorwart, Tulsa, Okl., for debtor.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

The Federal Savings and Loan Insurance Corporation ("FSLIC") as Receiver for American Federal Savings and Loan Association ("American Federal") brought before me motions for substitution of proper party and for summary judgment (the "Motions"). I heard the Motions on October 20, 1988 and took the matters under submission.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(C).

## STATEMENT OF FACTS

American Federal filed its claim in this case in the amount of $4,111,127.92, based upon an alleged extension to debtors or to a partnership in which debtor John G. Valentine is a general partner, of eight separate loans (the "Loans"), each of which was

secured by certain real properties located in the State of Oklahoma (the "Properties"). The FSLIC asserts that it holds a general unsecured claim for this amount (the "Claim"). Debtors deny that the FSLIC has the Claim by reason of its takeover of American Federal.

According to the objection to proof of claim filed by debtors, they object to the Claim because (i) the development of each of the Properties was to be a joint venture; (ii) the profits and losses accruing from development of each of the Properties was to be split proportionately by the parties; and (iii) the debtors were not to be personally liable for any of the debts of the joint venture.

Because of the nature of the objection, I told the parties that the rules governing adversary proceedings would apply to this contested matter. The trial on the objection was originally set for July 28, 1988; however, I continued the trial on my own motion until October 25 and 26, 1988.

On July 28, 1988, the Federal Home Loan Bank Board ("FHLBB") appointed the FSLIC as receiver of American Federal. I did not know this when I continued the trial. On September 14, 1988, the FSLIC filed its motion for substitution as party in place of American Federal.

On October 7, 1988, I approved an order shortening time for the service of notice of the motion for summary judgment. I set the hearing on the motion for summary judgment for October 20, 1988. Debtors were served on or before October 7, 1988. By the order, debtors had to file opposition papers on or before October 18, 1988.

The motion on substitution of the FSLIC for American Federal was also set for hearing on October 20, 1988. After reviewing the filings and hearing counsel, I took the matter under submission. I also vacated the October 25 and 26 trial dates and reset the trial on debtors' objection for December 7 and 8, 1988.

## DISCUSSION

■ I will first address the motion to substitute the FSLIC for American Federal in this proceeding. Debtors object to the substitution because they believe the sole purpose for the substitution is to change the substantive rights of the FSLIC. Debtors cite *Collateral Control Corp. v. Deal,* 638 F.2d 1357, 1361 (5th Cir.1981), for the general rule that substitution should not be allowed if it affects the substantive rights of the parties.

The substantive change that concerns debtors is the federal common law doctrine enunciated in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). The *D'Oench* doctrine prohibits certain defenses usually available in contract actions if the party asserting the defenses assisted in a scheme or arrangement that deceived or was likely to deceive a federal regulatory authority like the FSLIC. In *D'Oench,* the borrower argued that he gave a promissory note to the bank for no consideration and with the understanding that no suit would be brought against him. The Supreme Court upheld the lower courts and estopped the borrower from asserting these defenses. *Id.* at 456–62, 62 S.Ct. at 679–81, 86 L.Ed. at 961–64.

Debtors argue that if substitution is granted, the FSLIC can use the *D'Oench* doctrine and possibly exclude certain defenses that debtors assert in their objection. Debtors contend that this is unfair because American Federal could not have argued the *D'Oench* doctrine. Since this is a substantive change in the litigation, debtors urge that I exercise my discretion and deny the motion to substitute.

I am not persuaded by debtors' argument. The FSLIC acquired the right to prosecute this Claim through its appointment by the FHLBB on July 28, 1988 as receiver for the assets of American Federal. By this action, the FSLIC assumed all right, title and interest to American Federal's assets and without more became a party to this proceeding. The federal courts have generally not required the FSLIC or its counterpart the FDIC to move for substitution as a party before acting in a litigation. For example, In *North Mississippi Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), Hudspeth argued that

the FSLIC was not a party to the suit because it had never been formally joined. The court rejected this argument stating that:

> In *Farina v. Mission Investment Trust,* 615 F.2d 1068, 1074–75 & n. 19 (5th Cir. 1980), this court affirmed the existence of federal jurisdiction under 12 U.S.C. § 1819(4), the FDIC parallel to § 1730(k)(1), based on the presence of the FDIC as the receiver or successor in interest for one defendant, a failed commercial bank. We stated that the formal intervention or joinder of the FDIC was not necessary, and that such a requirement 'would render federal pleadings excessively technical' in contradiction of Federal Rules of Civil Procedure 8(e)(1) and 8(f). 615 F.2d at 1074. The rationale of *Farina* is equally applicable here. Even though the FSLIC has not been formally joined, it is a party in the contemplation of § 1730(k)(1).

Based on the *Hudspeth* rationale, the FSLIC became a party to this proceeding upon its appointment as receiver. A formal substitution, therefore, is not required for the FSLIC to prosecute the Claim.

As for debtors' argument that the FSLIC was appointed receiver for the sole purpose of estopping debtors from asserting certain defenses, I cannot agree. Without supporting evidence, I must assume that the FSLIC was appointed receiver in the ordinary course in accordance with governmental regulations and for good and valid reasons. Based on these assumptions, I see no reason to prevent the FSLIC from asserting whatever defenses it may have as receiver for American Federal in prosecuting the Claim.

Accordingly, the motion to substitute is approved. Furthermore, the FSLIC's motion for summary judgment is properly before me and the FSLIC is the right party to bring this proceeding. Based on this holding, I will now turn to the arguments raised by debtors to support a denial of the motion for summary judgment.

■ Debtors first argue that the FSLIC failed to provide them with the required notice to bring the motion for summary judgment and that this prejudiced them. The FSLIC responds that despite the order shortening time debtors had the same amount of time to respond that they would have received if the hearing had been set on 21 days notice as required by Local Rule 111. I agree with the FSLIC and find no prejudice or lack of due process in having heard the Motions on October 20, 1988.

■ Debtors next argue that material issues of fact exist so that granting summary judgment is improper. The FSLIC responds that for purposes of the motion it assumes debtors' factual allegations are true. These allegations are that (i) debtors entered into a joint venture agreement with American Federal to develop certain real estate and the joint venture is evidenced by the agreement dated January 11, 1982 (the "Agreement"); (ii) correspondence between debtors and American Federal repeatedly refers to a proposed joint venture relationship; (iii) American Federal received 20% of the profits in accordance with the parties' agreement over a period of time; (iv) American Federal agreed to provide the capital for the joint venture projects by making nonrecourse loans to debtors; (v) American Federal intended to retain a 25% ownership in the projects; and (vi) the FSLIC participated in the management of the business and affairs of American Federal over an extended period of time while American Federal was insolvent and while this Claim was litigated in state court.

I assume for the sake of the motion for summary judgment that these facts are true excepting the allegation that the Agreement is a joint venture agreement. The Agreement speaks for itself and in my view it alone does not establish a joint venture between the parties.

A recent case analogous to this litigation is *Firstsouth, F.A. v. Aqua Construction, Inc.,* 858 F.2d 441 (8th Cir.1988). In *Firstsouth,* the district court granted a motion for summary judgment brought by the FSLIC as receiver for Firstsouth, F.A. holding the accommodation guarantor liable on the promissory note. The guarantee indicated on its face that the guarantor had

unconditionally guaranteed payment of the promissory note. The guarantor asserted the defense that he had guaranteed the note with an oral understanding that the proceeds of the loan would be held in a passbook account and could only be withdrawn by the obligor on the note with guarantor's consent. Relying on the loan documents and guarantee, the FSLIC moved for summary judgment requesting that the court bar any defenses based upon oral side agreements in accordance with the *D'Oench* doctrine. The Eighth Circuit affirmed the district court and stated that:

> It is therefore apparent that the federal law is evolving toward the view that FSLIC as receiver enjoys the status of a holder in due course regardless of the manner in which it acquires notes and comparable instruments. If FSLIC retains such status, then the alleged oral agreement between Hoffman and First-south is not a defense.

*Id.* at 443.

In *Taylor Trust v. Security Trust Fed. S & L*, 844 F.2d 337 (6th Cir.1988), the guarantor argued that collateral pledge agreements were unenforceable because the pledges failed for lack of consideration. *Id.* at 342. The court stated that:

> The trial court held, and we agree, that traditional rules of contract law are not applicable to the present case because FSLIC has special status under federal substantive common law applicable under 12 U.S.C. § 1730(k)(1). *FDIC v. Armstrong*, 784 F.2d 741, 744 (6th Cir. 1986). Under the federal common law doctrine enunciated in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), certain defenses usually available in contract actions would not be available to Taylor if he lent himself to a scheme or arrangement that deceived or was likely to deceive a federal regulatory authority.

*Id.* The court found that Taylor had put the collateral pledge agreements in the loan files and had back-dated the pledge agreements so that they would appear to be contemporaneous with the line of credit advances.

Applying the above law to the motion for summary judgment, I arrive at the following conclusions. The Agreement does not state on its face that it is a joint venture agreement. It does clearly indicate that debtors are by reason of the transaction indebted to American Federal in the principal sum of $1,550,000. I see nothing in the Agreement that indicates that debtors are to be relieved of this liability or that the loan is nonrecourse. As far as I can tell, the Agreement refutes debtors' position that a joint venture was entered into and debtors' liability was to be limited.

For purposes of this motion, however, I assume that discussions between American Federal and debtors establish a joint venture. I also assume that representatives of American Federal orally agreed that the debtors' liability would be limited. Despite these assumptions, debtors cannot assert them in defense of this motion because the *D'Oench* doctrine is applicable. The purpose of the *D'Oench* doctrine is to protect the integrity of the borrowing process when loans are made by federally-insured institutions. American taxpayers stand behind these institutions and are at risk. This is one reason why these institutions are regulated. The FSLIC periodically inspects the books and records of these institutions to ensure their lending practices follow federal regulations. The FSLIC cannot do its job and properly monitor the activities of these institutions and their personnel unless loan documents accurately describe loan transactions. The courts realize this and that is the reason behind the *D'Oench* doctrine.

Once the FSLIC enters the picture, a party is prevented from asserting a defense that does not arise out of the loan documents. A borrower has a duty to make sure that the terms and conditions of the loan are satisfactorily described in the loan documents. Otherwise, there is the potential for abuse. If American Federal agreed to limit debtors' liability arising out of these loan transactions, it was incumbent upon debtors to ensure that the limitation was clearly set forth in the loan documents. By failing to do this, debtors as-

224

sisted in causing the books and records of American Federal to inaccurately reflect this transaction.

 Knowledge by the FSLIC is immaterial. See *Taylor Trust*, 844 F.2d at 342. Debtors assert that the FSLIC knew of the joint venture and the limitation on liability. Even if this were so, it does not lessen the impact of the *D'Oench* doctrine. The doctrine is there to prevent exactly what allegedly happened here. It penalizes a borrower who runs afoul of its dictates.

Accordingly, the FSLIC's motion for summary judgment is approved.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.