Resolution Trust Corporation ("RTC"), as receiver for First Federal Savings Loan Association of Atlanta ("First Federal"), appeals from a judgment entered on a jury verdict in favor of Howard E. Mooney *Page 188 
and Martha T. Mooney for $200,000. The dispute between these parties arose from the June 3, 1987, sale of a mobile home to the Mooneys by First Federal through its agent, Country Boy's Mobile Homes ("Country Boy's"), located in Phenix City, Alabama. On July 7, 1988, the Mooneys sued Country Boy's and its agents, alleging fraud, misrepresentation, breach of contract, and "conspiracy to defraud." After obtaining a default judgment against Country Boy's and its agent,[1] the Mooneys amended their complaint to add First Federal as a party-defendant on July 26, 1989.
On May 25, 1990, RTC was appointed receiver of First Federal by the Office of Thrift Supervision of the United States Department of the Treasury ("OTS"). As a result, all rights, title, powers, and privileges held by First Federal were transferred by operation of law to RTC, and RTC, as receiver, was automatically established as a party to the suit involving First Federal and the Mooneys. Firstsouth, F.A. v. AquaConstruction, Inc., 858 F.2d 441 (8th Cir. 1988).
On September 12, 1990, a jury returned a verdict on the Mooneys' fraud claim and awarded them $200,000 damages. In response, RTC filed a motion for a new trial, a motion for judgment notwithstanding the verdict, and a motion for remittitur. After a hearing on the motions, the trial court denied all of RTC's motions. RTC appeals, raising two issues.
 I. Sufficiency of the Evidence
RTC contends that the trial court erred in denying its motions for J.N.O.V. and new trial, because, it argues, the Mooneys failed to prove the elements necessary to prevail under a claim of fraud. We disagree. RTC's motion for J.N.O.V. required the trial court to test the jury's verdict against the evidence, viewing the evidence in a light most favorable to the Mooneys, and to determine whether there was any credible evidence from which the jury could have drawn inferences to support the verdict. Mallory v. Hobbs Trailers, 554 So.2d 966
(Ala. 1989); Macon County Commission v. Sanders, 555 So.2d 1054
(Ala. 1990). On appeal, this Court's review is governed by the substantial evidence rule. See Ala. Code 1975, § 12-21-12; Westv. Founders Life Assur. Co. of Fla., 547 So.2d 870 (Ala. 1989).
The essential elements of a fraud claim were recently enumerated by this Court in Ramsay Health Care, Inc., v.Follmer, 560 So.2d 746, 749 (Ala. 1990):
 "The essential elements of a fraud claim are (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence."
See Ala. Code 1975, § 6-5-101.[2] See, also, Harris v. M SToyota, Inc., 575 So.2d 74 (Ala. 1991).
The record contains evidence that two salesmen represented to the Mooneys that they were purchasing a 1986 model mobile home, when the mobile home was, in fact, a 1984 model; that repairs amounting to approximately $1,500 would be completed prior to delivery of the mobile home, and they were not; that the Mooneys had been falsely informed that their $1,000 down payment would not be refunded if they changed their minds about purchasing the mobile home; and that there was evidence concerning the possibility of forged documents. The jury could have relied on any one, some, or all of the above-described circumstances to find the defendants guilty of fraud. The record provides substantial evidence to support the jury's finding of fraud; therefore, we find no error in the trial court's denial of RTC's motion for J.N.O.V. *Page 189 
As to the trial court's denial of RTC's motion for a new trial, we find no error. RTC contends that the jury's verdict is against the great weight and preponderance of the evidence. A motion for new trial based on these grounds must be examined to determine whether the jury's verdict is palpably wrong or manifestly unjust. Ex parte Oliver, 532 So.2d 627 (Ala. 1988). Again, we believe there was substantial evidence offered by the Mooneys to support the jury's verdict; thus, we find no error in the trial court's denial of RTC's motion for a new trial.
 II. Damages
The thrust of RTC's appeal concerns the trial court's order regarding the award of damages. RTC contends that the trial court correctly determined that punitive damages cannot properly be assessed against RTC as receiver, but that the trial court erroneously awarded punitive damages against First Federal. RTC argues that First Federal ceased to exist as a legal entity once it was placed into receivership by OTS on May 25, 1990, and, therefore, damages could not be awarded against First Federal, which did not exist, or against RTC in its capacity as receiver for First Federal.
Following a hearing on RTC's motions for J.N.O.V., new trial, and remittitur, the trial court issued the following order:
 "Resolution Trust Corporation, as receiver of First Federal Savings Loan Association of Atlanta, filed a motion for new trial, a motion for judgment notwithstanding the verdict, and a motion for remittitur. Hearings were held on the motions. After considering the matters presented, it is,
"ORDERED:
 "1. The motion for new trial, as amended, is denied.
 "2. The motion for judgment notwithstanding the verdict, as amended, is denied.
 "3. The motion for remittitur, as amended, is denied.
 "4. Resolution Trust Corporation is not liable for the punitive damages awarded in this case. First Federal Savings Loan Association of Atlanta, in any separate entity capacity, is liable for the punitive damages.
 "5. The Court considered the following in denying the motion for remittitur:
 "A. The nature and extent of the economic impact on the Defendants. First Federal is in receivership already. This additional verdict will not adversely affect its viability as an ongoing business.
 "B. The amount of compensatory damages. The parties at trial agreed to a general verdict form. Defendants are estopped from now raising the issue of how to [apportion] the damages as being compensatory or punitive. The Court finds that the compensatory damages would have been several thousand dollars at most, which was reasonable.
 "C. Whether Defendant has been guilty of similar acts in the past. There is no evidence of such acts.
 "D. The nature and extent of First Federal's efforts to remedy the wrong. There was no such good faith effort.
 "E. The opportunity of Defendant to remedy the wrong. Plaintiffs gave First Federal and its agents ample opportunity to remedy the Plaintiffs' complaints, but they failed to make a good faith effort to do so.
 "F. The punitive damages bore a reasonable relationship to the harm which occurred from the conduct of First Federal's agent[s].
 "G. The fraudulent conduct of First Federal's agent[s] has been ongoing. First Federal has ratified that conduct and never offered to return Plaintiffs' down payment.
 "H. First Federal and its agent, Country Boy's Mobile Home, Inc., were aware of the results that Country Boy's wrongful conduct caused.
 "I. There has been no attempt to conceal the agent's wrongful conduct once it was discovered.
 "J. There is no evidence regarding the frequency of similar past wrongful conduct. *Page 190 
 "K. The punitive damages have removed any profit First Federal may have gotten.
 "L. The Defendants' financial condition has not been presented as a ground for the motion.
 "M. The damages awarded were reasonable in relation to Plaintiffs' expense of bringing this suit, engaging in discovery, and having to obtain legal representation.
 "N. No criminal sanctions have been imposed against any Defendant.
 "O. No other civil actions have been filed based on the same conduct.
 "P. First Federal's agent, Country Boy's, willfully defrauded Plaintiffs.
 "Q. The punitive damages are a fair punishment to First Federal.
"DONE this the 10th day of January 1991."
Initially we point out that the Mooneys' argument regarding RTC's failure to properly preserve the general verdict form issue is of no consequence. Under the circumstances of this case, we would necessarily reach the issue regardless of its being properly preserved by either party.
In its brief on appeal, RTC does not argue against the assessment of compensatory damages; in fact, in its post-trial pleadings, RTC concedes that the plaintiffs' compensatory damages amounted to a maximum of $4,000. The trial court stated in its order that the Mooneys' compensatory damages were "at most" several thousand dollars. Our review of the record supports the trial court's findings, but fails to support RTC's assessment of the compensatory damages. Neither the trial court nor any of the parties has specifically designated an amount of compensatory damages. Thus, for our purposes, we can only determine that the amount of compensatory damages suffered by the Mooneys is no more than "several thousand dollars." This ambiguous determination regarding the amount of compensatory damages renders the trial court's order ineffective.
RTC maintains that the remaining amount of the judgment against First Federal can only constitute punitive damages. As receiver, RTC contends that it cannot be held liable for punitive damages because it is a public instrumentality.
Regardless of whether the Mooneys' claims are asserted against RTC or First Federal, RTC, in its capacity as receiver for First Federal, is responsible for managing and resolving the affairs of the failed First Federal. See Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101-73, 1989 U.S. Code Cong. Admin. News 103 Stat. 183 § 501(b). A receiver "operates for the benefit of creditors, unsecured depositors and the federal taxpayer."Tuxedo Beach Club Corp. v. City Federal Savings Bank,749 F. Supp. 635 (D.N.J. 1990). However, punitive damages are imposed to punish the wrongdoer and to deter others. Where the wrongful party is in receivership and the damages are to be paid by innocent creditors, punitive damages create an inequitable result and are therefore improper. Professional AssetManagement, Inc. v. Penn Square Bank, 566 F. Supp. 134
(W.D.Okla. 1983); Tuxedo Beach Club Corp. v. City FederalSavings Bank, supra. First Federal no longer exists and thus cannot be punished. The deterrent value of the punitive damages is likewise diminished and must be weighed against the realization that innocent parties will be required to bear the burden imposed by these damages. It is improper to impose punitive damages upon RTC for conduct attributable to the failed First Federal before RTC was appointed receiver. See, generally, Professional Asset Management, Inc. v. Penn SquareBank, supra. Imposing punitive damages against RTC would not accomplish the purposes which punitive damages are meant to serve. Thus, the trial court was correct in not allowing the assessment of punitive damages against RTC.
However, the trial court was in error in denying RTC's motion for remittitur. Since compensatory damages are the Mooneys' only obtainable damages against RTC, it is imperative that the trial court designate an exact amount of such damages. *Page 191 
The effect of such action amounts essentially to a remittitur. Thus, it is the trial court's denial of RTC's remittitur that we view as error.
Therefore, we affirm the judgment of the trial court regarding its denial of RTC's motions for J.N.O.V. and new trial, conditioned upon the Mooneys' acceptance of a remittitur of the difference between $200,000 and the actual compensatory damages, these damages to be determined by the trial court.
AFFIRMED CONDITIONALLY; AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] On September 1, 1988, the Mooneys obtained a default judgment against defendants Country Boy's and its agent, Mac Hornsby (salesman), pursuant to Rule 55, A.R.Civ.P. These defendants subsequently declared bankruptcy and are not parties to this appeal.
[2] Section 6-5-101 recognizes a fraud claim based on innocent misrepresentation; the elements of willfulness or recklessness need not be proven on such a claim.