MONROE, Judge,
concurring specially.
I agree with Judge Thompson’s opinion.- I write only to point out that this case, as it stood when it came before us, serves to strongly emphasize an issue regarding punitive damages. The jury awarded Finch $60,-000, a portion if not all of which appears to have been punitive damages for her abuse of process claim. The jury returned a general verdict, therefore, it did not designate a specific amount for compensatory damages and a specific amount for punitive damages. The compensatory damages appear to have been minimal, however.
Recently, some justices of the Alabama Supreme Court have embraced the theory that punitive damages should be awarded according to a formula that would compute punitive damages as a multiple of the compensatory damages awarded. In other words, damages would be assessed based on a ratio of punitive damages to compensatory damages. See for e.g., Life Ins. Co. of Georgia v. Johnson, 701 So.2d 524 (Ala.1997) (dissenting opinions); and Ford Motor Co. v. Sperau, 708 So.2d 111 (Ala.1997) (dissenting opinion). The “benchmark ratio”, often cited is 3:1. But if we were to apply that rationale in cases like this one in which compensatory damages are nominal or de minimis, punitive damages would serve as nominal or de min-imis punishment, even in cases in which the defendant’s conduct was reprehensible.
The assessment of punitive damages should be made with a view toward punishing the defendant, deterring others from similar conduct, and vindicating the public. Fuller v. Preferred Risk Life Ins. Co., 577 So.2d 878 (Ala.1991); Resolution Trust Corp. v. Mooney, 592 So.2d 186 (Ala.1991). A minimal amount of punitive damages assessed according to a fixed ratio or multiple of compensatory damages would not, in all cases, serve the purposes for which punitive damages were intended.
Rather than apply a strict ratio of punitive to compensatory damages in determining punitive damages, courts must continue to apply the factors set out in BMW of North America, Inc. v. Gore (“BMW II”), 701 So.2d 507 (Ala.1997), Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986); and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989). In relying on the factors set out in those cases, courts will consider the ratio of punitive to compensatory damages, but they will also have several, and at times more appropriate, factors to apply in reviewing punitive damage awards, such as the degree to which *1203 the defendant’s conduct is reprehensible, sanctions for comparable misconduct, removing the defendant’s profit, the financial position of the defendant, litigation costs, criminal sanctions, and other civil actions.
If punitive damages are awarded based simply on applying a set ratio, then the amount awarded as punitive damages may be too low or too high for the facts of each case. But by applying all of the above factors in reviewing punitive damage awards, courts will be able to tailor the amount of punitive damages to fit the myriad situations in which punitive damages are awarded.