SHAW, Justice
(concurring specially).
I concur in the main opinion. I write separately only to make several observations.
The PACT program was created with laudable intentions and apparently operated effectively for a number of years; however, as demonstrated by the facts set out in the main opinion, it now stands as a cautionary tale with respect to the creation of government programs operating in areas traditionally reserved to families or individuals. PACT contracts purchased before 1995, it is alleged in this case, were to fully pay the college tuition of the beneficiaries; after 1995, purchasers were purportedly informed that the tuition paid depended on the financial health of the program. In any event, the record indicates that the PACT program cannot fulfill its financial obligations; most regrettably, the families and individuals who have invested in, and relied on, this once promising program bear the full brunt of this forfeiture and are now faced with the difficulties of dealing with the financial shortfall of the PACT program.
In our original decision in this case, this Court, following the plain language of the legislature’s 2010 enactments, which were intended to rescue the PACT program, held that the PACT board could not alter the contractual rights of the PACT contract holders. Perdue v. Green, 127 So.3d 343 (Ala.2012). Act No. 2012-198, Ala. Acts 2012 (“the 2012 Act”), however, has given broad powers to the PACT board to alter those rights. The judicial branch of state government does not have the authority to reject an act that is the duly enacted, constitutional exercise of the legislature’s inherent power. Doing so would intrude upon the power of the legislature in violation of Aa. Const.1901, Art. Ill, § 43, which forbids the judicial branch from exercising the power of the legislative branch, so that our government is one “of laws and not of men.” Ml the Justices in this case agree that the 2012 Act is not unconstitutional based on its retroactive application. Our decision today follows the law provided by the legislature, which has the exclusive power to formulate the public policy of this State, subject to the constitution. Boles v. Parris, 952 So.2d 364, 367 (Ma.2006) (“[T]he legislature, and not this Court, has the exclusive domain to formulate public policy in Mabama.”).
To me, it is an understatement to say that the amount of the attorney fees awarded in this case is unsettling, given the source of the funds from which the fee must be paid and the intended purpose of the PACT program. However, whether I would have reached a different result with respect to this issue had I been the trial judge in this case is irrelevant for pur *408 poses of appellate review. The decision by this Court as to whether those fees are legal is ultimately controlled by the applicable law, although we Justices may, from time to time, respectfully disagree as to what that law means or requires. At a minimum, however, I believe that the adversarial system upon which our legal precedents are based dictates that we rule according to the facts and arguments presented to us by the parties before us. In that vein, I have nothing before me by which to disagree with the conclusion in the main opinion that no legal basis — sufficient argument premised on the applicable law and facts — has been presented on appeal demonstrating that the trial court’s approval of the amount of the attorney-fee award is due to be set aside on the basis that in approving that amount the trial court exceeded its discretion.