MOORE, Chief Justice
(concurring specially).
I concur fully with the main opinion. I write specially to point out that even were the plaintiffs — the Young branch — entitled to a judgment in their favor on the mismanagement-of-trust claim, the punitive-damages award would still be subject to reversal.

I. The jury’s failure to apportion punitive damages

Because an appellate court reviews a punitive-damages award de novo, no deference is given to a judgment imposing such an award.
“(a) On appeal, no presumption of correctness shall apply to the amount of punitive damages awarded.
“(b) The appellate court shall independently reassess the nature, extent and economic impact of such an award and reduce or increase the award if appropriate in light of all the evidence.”
§ 6-11-24, Ala.Code 1975. See also § 6-11 — 21(i), Ala.Code 1975 (noting the duty of the appellate courts “to scrutinize all punitive damage awards, ensure that all punitive damage awards comply with applicable procedural, evidentiary, and constitutional requirements, and to order re-mittitur where appropriate”). Further, “no defendant shall be liable for any punitive damages unless that defendant has been expressly found by the trier of fact to have engaged in conduct ... warranting punitive damages, and such defendant shall be liable only for punitive damages commensurate with that defendant’s own conduct.” § 6-ll-21(e), Ala.Code 1975.
Citing § 6-11-21(e), a leading treatise on damages states: “The jury must apportion punitive damages against the defendants based on culpability of conduct.” Jenelle Mims Marsh, Alabama Law of Damages § 4.3 (6th ed.2012) (emphasis added). Elaborating on § 6-ll-21(e), the treatise further states: “Joint tortfeasors are not jointly and severally liable for an award of punitive damages. By statute, a defendant is liable ‘only for punitive damages commensurate with the defendant’s own conduct.’ Thus, the trial court fact finder must apportion punitive damages among the joint tortfeasors.” Id. § 4.7 (footnotes omitted; emphasis added). This Court has stated the principle as follows: “Under the pertinent provisions of the Alabama Code, as amended in 1999, a defendant is liable ‘only for punitive damages commensurate with that defendant’s own conduct’ — that is, joint tortfea-sors are not jointly and severally liable for an award of punitive damages.” Boles v. Parris, 952 So.2d 364, 366 (Ala.2006) (citing § 6—11—21(e)). See also BMW of North America, Inc. v. Gore, 517 U.S. 559, 575, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) (“Perhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of *992 the defendant’s conduct.” (emphasis added)).
Under the common principle stated in statute, caselaw, and the relevant treatise quoted above, a judgment awarding punitive damages that does not apportion those damages individually against each defendant must be vacated as contrary to law.[9] In this case the jury awarded $200,000 in punitive damages to each member of the Young branch but did not apportion those awards against the defendants — the Beasley branch — individually. Because the jury did not expressly allocate the award of punitive damages according to the particular degree of liability of each member of the Beasley branch, the punitive-damages verdict was contrary to law.

II. The trial court’s improper rewriting of the verdict

In its postjudgment order, the trial court, styling its action a remittitur, apportioned the punitive-damages verdict to assess $300,000 to each defendant: “The Court hereby modifies or clarifies said Judgment resulting in a remittitur or diminution in the punitive damages arguably assessed against each Defendant.... ” The Court further explained that its recharac-terization of the verdict would make each defendant liable for only $300,000 rather than the entire $600,00 under the jury’s unapportioned verdict. “By this modification or remittitur, each Defendant owes One Hundred Thousand and No/100s ($100,000.00) Dollars in punitive damages to each Plaintiff, and is liable for only a total of Three Hundred Thousand and No/ 100s ($300,000.00) Dollars in punitive damages.” The court, though styling its action a remittitur, did not actually reduce the punitive-damages verdict, which still remained at $600,000. Thus, its action was not a remittitur of the punitive-damages award,[10] only a reapportionment of the verdict to eliminate joint and several liability.
A trial court may not rewrite a verdict to change its substance.
“It has long been settled that a court’s right to amend a jury verdict after discharge of the jury is limited to matters of form or clerical errors which are apparent by the record and does not extend to matters of substance required to be passed upon by the jury.”
Alexiou v. Christu, 285 Ala. 346, 349, 232 So.2d 595, 597 (1970). “If the court should aid the verdict of the jury which is faulty as to substance, without the consent and concurrence of the jury, it would then become not the verdict of the jury, but of the court.” W.T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 149, 22 So.2d 603, 604 (1945).
Although Rule 60(a), Ala. R. Civ. P., permits a trial court to correct clerical errors, “the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.” Committee Comments to Rule 60(a). By changing the jury’s pronouncement from joint and several liability to individual liability, the trial court, even if presumed to have acted sua sponte under Rule 60(a), exceeded its authority. By calling its rewriting of the verdict a remittitur, the trial court admitted that it was changing the verdict. *993 However, because its change was not in fact a remittitur, the alteration of the verdict “extend[ed] to matters of substance required to be passed upon by a jury.” Great Atl. & Pac. Tea Co. v. Sealy, 374 So.2d 877, 888 (Ala.1979). Because, “[u]pon demand of a jury trial, the plaintiff was entitled to have his cause adjudicated by a jury verdict,” Hood v. Ham, 342 So.2d 1317, 1318 (Ala.1977), the trial court had no power “to render a different decree.” Great Atl. & Pac. Tea Co., 374 So.2d at 883.

III. Effect of Emma’s death on the punitive-damages verdict

Emma died in June 2010; judgment was rendered a year later in June 2011. “In almost all jurisdictions, it is held that punitive damages may not be awarded against the estate of a wrongdoer who has died prior to the entry of judgment.” Alabama Law of Damages § 4:7. Because the dead can be neither punished nor deterred, assessing punitive damages against a deceased person seems problematical.[11] See Green Oil Co. v. Hornsby, 539 So.2d 218, 222- (Ala.1989) (noting that “the purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and to deter the wrongdoer and others from committing similar wrongs in the future”). A century ago, this -Court stated that, “when the wrongdoer dies before the action is brought to trial, and the action survives against his personal representative, only compensatory damages may be recovered.” Meighan v. Birmingham Terminal Co., 165 Ala. 591, 599, 51 So. 775, 778 (1910). Although a federal case cited by the plaintiffs distinguished this holding, Ellis v. Zuck, 546 F.2d 643, 644 (5th Cir. 1977), its rationale was that the principle applied in wrongful-death cases should be extended to all punitive-damages cases. However, as noted, wrongful-death cases are sui generis. This Court has held more recently that a bank placed in receivership is not subject to punitive damages because the purposes of punishment and deterrence could not be accomplished against a defunct entity. Resolution Trust Corp. v. Mooney, 592 So.2d 186, 190 (Ala.1991). Thus, punitive damages were not available against Emma’s estate.

TV. Conclusion

Even if the jury verdict on the mismanagement-of-trust claim were correct, the award of punitive damages would still have to be set aside.
MURDOCK, J., concurs.

. Wrongful-death actions are the sole exception. Boles v. Parris, 952 So.2d at 366-68.

. A remittitur may be made only in the context of considering a motion for a new trial. "The court may, on motion for new trial, require a remittitur as a condition to the overruling of the motion for new trial....” Rule 59(f), Ala. R. Civ. P. In its postjudgment order the court does not mention the term "new trial,” nor does it state that the Young branch must accept the "remittitur” or face a new trial.

. Again, wrongful-death actions are an exception. § 6-5-462, Ala.Code 1975.